# EXHIBIT "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 09/29/2020 04:00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Thomas Long
20STCV37210

```
1  STEVAN COLIN, ESQ.  SBN 110360
   GABRIEL & ASSOCIATES
2  801 Pacific Avenue
   Long Beach, Calif.  90813
3  Telephone: (562) 436-9292
   Facsimile: (562) 436-3131
4
   Attorneys for Plaintiff, FANNY CASTRO
5
```

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES –CENTRAL DISTRICT

SPRING STREET COURTHOUSE

| | |
|---|---|
| FANNY CASTRO,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SPROUTS FARMERS MARKET, INC., a corporation; LaSalle Investment Management, Inc., doing business as Maryland LaSalle Investment Management, Inc., and Does 1 to 100, inclusive,<br><br>　　　　　Defendants. | Case No.: 20STCV37210<br><br>COMPLAINT FOR DAMAGES<br><br>DEMAND FOR JURY TRIAL ENDORSED THEREON<br><br>DEMAND EXCEEDS $25,000.00<br>(C.C.P. 422.30) |

Comes now the Plaintiff, FANNY CASTRO, who alleges against the Defendants, SPROUTS FARMERS MARKET, INC., a corporation; LaSalle Investment Management, Inc., doing business as Maryland LaSalle Investment Management, Inc., and Does 1 to 100, inclusive, as follows:

-1-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY

## FIRST CAUSE OF ACTION

(Negligence)

(Against All Defendants)

1. At all times herein mentioned Defendants, herein named as Does 1 to 100, inclusive, and each and all of them, are in some manner responsible for the acts, omissions, damages, and injuries, as alleged hereinafter, and these said Defendants, and each and all of them, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to show the true names and capacities when of these Defendants when the same have been ascertained.

2. At all times herein mentioned, Defendants, and each and all of them, were the agents, servants, and representatives of each of the others, and were at all times acting with the permission, consent, knowledge, and ratification of each of the other Defendant's acts, omissions, and conduct after alleged.

3. Based upon information and belief, Defendant, SPROUTS FARMERS MARKET, INC. is a corporation doing business in the County of Los Angeles, California and at all times herein mentioned was operating one of its groceries stores ( Store # 222) at or near 1515 Hawthorne Boulevard, Redondo Beach, California 90278.

4. Based upon information and belief, Defendant, LaSalle Investment Management, Inc., is a corporation and at all times mentioned herein was doing business in California as Maryland LaSalle Investment Management, Inc. (hereafter "LASALLE") and was either the owner of the subject property (commonly referred to as 1515 Hawthorne Boulevard, Redondo Beach, California 90278) where Plaintiff was injured, was the operator of the subject property where Plaintiff was injured, was responsible for the management of the subject property where Plaintiff was injured, or was an agent for, the remaining Defendants named in this Complaint.

5. Plaintiff is informed and believes that the private sidewalk location where she fell and was injured on April 17, 2019 was located at, or near 1515 Hawthorne Boulevard, Redondo Beach, California 90278 and was owned, constructed, maintained, inspected,

…

operated, managed and controlled by the Defendants, SPROUTS FARMERS MARKET, INC., LaSalle Investment Management, Inc., doing business in California as Maryland LaSalle Investment Management, Inc., and Does 1 to 100, inclusive.

6. Plaintiff is informed and believes that Defendant, SPROUTS FARMERS MARKET, INC., is an Arizona corporation and was doing business in the City of Redondo Beach in the County of Los Angeles, California at all times alleged in this Complaint. The location of the SPROUTS store where Plaintiff fell and was injured was commonly known as 1515 Hawthorne Boulevard, Redondo Beach, California 90278.

7. Plaintiff is further informed and believes that all Defendants named in this Complaint, including Does 1 to 100, inclusive, had also assumed ownership of, maintenance, control, management of, operation of, installation, custody, inspection, and repair responsibility for the subject property, including the defective, wobbly, loose, and dangerous, concrete pavers laying within the private sidewalk of where Plaintiff fell and was injured on April 17, 2019 in Redondo Beach, California.

8. Plaintiff is further informed and believes that Defendants, LaSalle Investment Management, Inc. doing business as Maryland LaSalle Investment, Inc. (hereafter "LASALLE") and Does 1 to 100, inclusive entered into a contractual relationship with Defendant SPROUTS FARMERS MARKET, INC. (hereafter "SPROUTS") and the remaining Defendants whereby SPROUTS and Does 1 to 100, inclusive, were obligated to control, maintain, inspect, and repair said pavers within the private sidewalk in front of the customer entrance to the subject SPROUTS grocery store in the City of Redondo Beach at the location where Plaintiff fell and was injured.

9. That at all times mentioned herein, Defendants, SPROUTS, LASALLE, and Does 1 to 100, inclusive, and each and all of them, by their knowledge, acts and omissions, negligently owned, built, created, managed, directed, supervised, planned, designed, approved, operated, controlled, repaired, inspected, overlooked, ignored, and maintained the private sidewalk located in front of the SPROUTS MARKET entrance at or near 1515 Hawthorne Boulevard, Redondo Beach, California and the general public was invited to

COMPLAINT FOR DAMAGES; DEMAND FOR JURY

enter onto the private sidewalk and premises and use it. All of the Defendants owed a duty of care to members of the public, including Plaintiff, to keep the sidewalk clean, safe, free from defects, well maintained, and to remove any hazardous conditions in or about the private sidewalk.

10. That on or about April 17, 2019, and at all times prior thereto, the above described private sidewalk and grocery store walkway was in a dangerous condition that created a substantial risk of injury to all persons using the subject sidewalk, including the Plaintiff, who acted with due care in a manner in which it was reasonably foreseeable that it would be used, and which sidewalk created a reasonably foreseeable risk of the type of harm hereinafter alleged, in that:

    a. A hazardous condition installed and was allowed to remain within the sidewalk in the form of a sagging, loose, wobbly, defective, broken and uneven concrete sidewalk paver in a negligent fashion in that, a minimum one inch (1"), rise and break in the sidewalk paver at said location with such depth, breadth and location that it could be reasonably foreseen to constitute a hazard to pedestrian traffic, and in fact was a hazardous and dangerous condition to members of the public and Plaintiff;

    b. Absence of any adequate warning signs posted to warn of danger, or peril of dangerous condition; and

    c. There existed other dangerous conditions as a result of the design, and/or maintenance created by the Defendants, and each of them.

11. That on or about April 17, 2019 the Defendants, SPROUTS, LASALLE, and DOES 1 to 100, inclusive, negligently allowed a dangerous and hazardous condition to remain on the private sidewalk in front of the customer entryway to SPROUTS MARKET in the form of a wobbly, uneven, sagging, broken, defective and loose sidewalk paver and at least a one inch (1"), rise and break in the sidewalk at said location with such depth, breadth and location that it could be reasonably foreseen to constitute a hazard to pedestrian traffic, and in fact was a hazardous and dangerous condition to members of the public and Plaintiff.

12. That on or about April 17, 2019, Plaintiff was walking on the Defendants' sidewalk in front of the SPROUTS market at or near 1515 Hawthorne Boulevard, Redondo Beach, County of Los Angeles, State of California, when she suddenly and unexpectedly tripped and fell as a result of the hazardous and dangerous condition described herein, that was allowed to remain on the sidewalk near the front entryway to SPROUTS MARKET. At the time of her fall, the subject sidewalk pavers were defective, uneven, became depressed when stepped on by Plaintiff and caused her to trip and fall onto the sidewalk, striking her head, shoulders, knees, hands and other parts of her body on the concrete sidewalk. As a result of the dangerous and defective conditions, Plaintiff was caused to trip and fall, causing her to suffer the injuries and damages described herein.

13. At said time and place, the Defendants, SPROUTS, LASALLE, and DOES 1 to 100, inclusive, and each of them, by and through their employees, agents, servants, and independent contractors, proximately caused the injuries and damages as hereinafter mentioned to Plaintiff, by negligently, wantonly, tortiously, wrongfully, unreasonably and unlawfully doing the following:

    a. Planning, designing, constructing, owning, possessing, controlling, operating, maintaining, servicing, inspecting, overlooking, repairing and monitoring the subject sidewalk and walkway.

    b. Failing to guard, warn and protect pedestrians, including Plaintiff, FANNY CASTRO, from hazards and dangers which Defendants, and each and all of them knew about, or in the exercise of reasonable diligence, should have known about.

    c. Defendants, and each and all of them, failed to warn or direct pedestrian traffic of the general public at said location utilizing the subject sidewalk, away from the unsafe and dangerous conditions of the sidewalk thereby creating a hazard and trap for the general public and Plaintiff, FANNY CASTRO, all of whom were unwary users of the sidewalk in question.

14. The Defendants, and each and all of them, knew, or in the exercise of reasonable care, should have known, that unless proper and reasonable methods were used

for the construction, inspection, maintenance, construction, inspection, design, improvements, repair and safekeeping of said area, a hazardous condition could exist at the location, which would endanger the safety of the general public, thereon, including the Plaintiff, and that said hazardous and dangerous condition did exist on Defendants' premises causing Plaintiff to be injured as hereinafter described.

15. Defendants, and each and all of them, negligently failed to inspect, maintain, clean, repair or have removed the hazardous condition from their property and negligently failed to take proper, appropriate and reasonable precautions to remedy, rectify, or otherwise improve the safety conditions of the subject sidewalk, including, but not limited to the wobbly, sagging, uneven, broken, loose and defective pavers in the private sidewalk at said location and to prevent injuries to the general public, including Plaintiff, as a result thereof. Said failure of the Defendants, and each and all of them, constituted a breach of duty on the part of the Defendants to maintain the premises in a safe manner and constituted a dangerous condition on private property.

16. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, had actual and/or constructive notice of the above-described unsafe and/or dangerous condition of the private sidewalk at said location, resultant therefrom as herein alleged, knew the sidewalk had existed in substantially the same state and appearance prior to Plaintiff, FANNY CASTRO's accident and injuries, and knew, or should have known of the uses to which pedestrians were making of the private sidewalk, and of its dangerous character in a sufficient amount of time prior to Plaintiff's injuries to have taken measures to protect against the dangerous condition.

17. The dangerous condition of the subject sidewalk was heavily traveled by pedestrians, such as Plaintiff, FANNY CASTRO  It was reasonably foreseeable and there was a substantial risk that pedestrians using the subject sidewalk could be and would be injured.

18. As a direct and proximate result of the negligent acts and omissions of the

Defendants, and each and all of them, Plaintiff was hurt and injured in her health, strength, and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which have caused and continue to cause Plaintiff great mental and physical pain, suffering and nervousness. Plaintiff is informed and believes and therefore alleges, that the injuries will result in some permanent disability and disfigurement to the Plaintiff and to Plaintiff's general damages in amounts which will be shown according to proof at time of trial.

19. As a direct and proximate result of the negligence of the Defendants, and each and all of them, Plaintiff was required to consult with and be treated by health care providers, including, but not limited to, physicians and surgeons, to examine and care for Plaintiff and Plaintiff did incur, and continues to incur, medical and incidental expenses in amounts which will be shown according to proof at time of trial.

20. Plaintiff is also entitled to prejudgment interest, pursuant to California Civil Code, Section 3291, as against each of the Defendants and according to law the total amount to be ascertained at time of trial.

21. At all times mentioned, California Civil Code, Section 1714(a), was in full force and effect, and was binding upon the Defendants, and each of them.

22. In doing the acts complained of herein, Defendants, and each of them, were negligent in the ownership, management, maintenance and inspection of the aforementioned sidewalk and allowed the sidewalk at said location, to remain in a hazardous and dangerous fashion on the sidewalk of the premises and further, negligently failed to take reasonable precautions to remove and/or warn against said condition or to prevent injuries to persons as a result thereof, thereby resulting in the Plaintiff's injuries in violation of California Civil Code, Section 1714(a).

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. General damages in an amount in excess of the minimum jurisdictional limits of this court, in a sum which will be shown according to proof;

2. Past, present and future medical expenses, and all incidental expenses according to proof;

3. Cost of suit incurred herein; and

5. Interest on damages as provided by law;

6. For such other and further relief as this Court may deem just and proper.

Dated: September 29, 2020

GABRIEL & ASSOCIATES

By: /s/ Stevan Colin
STEVAN COLIN, ESQ.
Attorneys for Plaintiff,
FANNY CASTRO

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in the above-entitled action.

Dated: September 29, 2020

GABRIEL & ASSOCIATES

By: /s/ Stevan Colin
STEVAN COLIN, ESQ.
Attorneys for Plaintiff,
FANNY CASTRO

COMPLAINT FOR DAMAGES; DEMAND FOR JURY